NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QUANYUN YU,<br><br>    Petitioner-Appellant,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>    Respondent. | No.   16-71771<br><br>Agency No.<br>A206-205-140<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019[**]
Pasadena, California

Before: NGUYEN and MILLER, Circuit Judges, and VITALIANO,[***] District Judge.

    Petitioner Quanyun Yu, a native and citizen of China, seeks review of a May

11, 2016 decision of the Board of Immigration Appeals (BIA) affirming a January

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

8, 2015 decision of an immigration judge (IJ) denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Our jurisdiction arises under 8 U.S.C. § 1252. We review factual findings, including credibility determinations, for substantial evidence, *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), applying the standards created by the REAL ID Act. *Jin v. Holder*, 748 F.3d 959, 964 (9th Cir. 2014).

On January 5, 2015, Yu and her husband testified before the IJ, recounting how the Chinese government allegedly forced Yu to have an abortion after she became pregnant with her second child. In an oral decision, the IJ made an adverse credibility finding as to both Yu and her husband. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ found Yu to be removable and denied her application for asylum, withholding of removal, and protection under the CAT. The IJ also concluded that she materially fabricated her claim, and he found her application to be frivolous. The BIA principally affirmed, holding that Yu, in her appeal, had not meaningfully disputed the IJ's specific findings of "implausibilities, discrepancies, and internal inconsistences" in her and her husband's testimony. The BIA, however, vacated the IJ's finding that Yu had filed a frivolous application, observing that the fabrications and inconsistencies were not advanced in the process of filing the application.

In her challenge to the BIA's decision, Yu derides it as based solely on

"speculation and unfounded skepticism." She levies a point-by-point attack on the IJ's adverse credibility findings, while offering alternative, innocent explanations in an attempt to rehabilitate testimony the IJ had found incredible. But the BIA's rejection of Yu's explanation and acceptance of the IJ's reasons for rejecting Yu and her husband's testimony is supported by substantial evidence. In reaching its determination, the BIA observed that the IJ considered the inconsistences and discrepancies in the testimony of Yu and her husband, Yu's "hesitant testimony, [her] failure to respond in a timely manner, and [her] repeated excuse that she was 'too nervous' when she could not provide an immediate answer."

The record provides ample support for the BIA's determination. For example, when questioned about matters not addressed in her written statement, Yu delayed answering, did not answer at all, or provided shifting or inconsistent testimony, and she repeated the refrain that she was "too nervous" to provide an accurate answer. Such moments, as the IJ noted throughout his decision, were numerous, including (1) her testimony about when, and in what manner, her employment was terminated; (2) her recounting of her visa application process; and (3) her explanation of the inconsistencies between her testimony and her asylum interview. The IJ also considered Yu's husband's testimony and noted both internal inconsistencies and inconsistences with Yu's testimony.

Substantial evidence supports the adverse credibility finding. There is no

other evidence in the record sufficient to fill the void created by the adverse credibility finding and to carry Yu's burden of establishing eligibility for asylum, withholding of removal, or protection under the CAT. *See Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010).

**PETITION DENIED.**